UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

Lisa Schindler,                                                    Case No.  09-71199-ast
                                                                             Chapter 13
                Debtor.
-------------------------------------------------------X

## DECISION AND ORDER DENYING REQUEST FOR EMERGENCY HEARING

      Pending before the Court is the motion of Lisa B. Schindler (the "Debtor") filed in this confirmed chapter 13 case, seeking authority to sell her residence, and to do so on significantly shortened notice (the "Motion"). [dkt item 20]   Debtor has failed to demonstrate why her request for an emergency hearing should be granted, and thereby deprive creditors of their due process rights.  For the reasons herein, that portion of the Motion seeking an emergency hearing is denied.

### Facts and Background

      Debtor filed this bankruptcy case on February 25, 2009. [dkt item 1]  On March 3, 2009, Debtor filed a proposed Chapter 13 Plan dated February 24, 2009 (the "Plan"). [dkt item 12]  The Plan provides, *inter alia*, that Debtor shall retain a certain property located at 4 Silverspruce Lane, Stony Brook, New York (the "Property"), and pay two notes secured by mortgages against the Property outside of the Plan, meaning payments would not flow through the office of the chapter 13 trustee.

      By Order entered May 20, 2009, this Court confirmed Debtor's Plan (the "Confirmation Order"). [dkt item 18] The Confirmation Order provides, *inter alia*, as follows:

> 4. The Court shall retain jurisdiction over the debtor's real property pursuant to 11 U.S.C. Section 1327. By virtue thereof, the debtor shall not sell, encumber or hypothecate said real property without prior written approval of this Court.

[dkt item 18]  Thus, for nearly two years, Debtor has been operating under a confirmed Plan which prohibited her sale or encumbrance of the Property without prior approval of this Court.

      Debtor filed the Motion on March 29, 2011.  By the Motion, Debtor seeks authority to sell the Property for an amount which purports to be for less than the amounts she owes on the notes which are secured by mortgages against the Property, also referred to as a 'short sale.' Debtor also seeks an expedited hearing on the Motion, seeking Court approval for a closing to occur on or before March 31, 2011.  Debtor accompanied the Motion with a signed affidavit dated March 29, 2011, in which she affies that she has been seeking a short sale for the Property "for some time," and that she "did not realize that Court approval was required to consummate the sale." [dkt item 20 ¶2]  She further affies that "The bank," without explaining whether she

means her mortgage company or the proposed buyer's lender, "is requiring that I close by March 31, 2011 although my real estate attorney is trying to get an extension." [dkt item 20 ¶3]

Debtor attaches to the Motion a portion of a standard form contract for sale of the Property "made as of August 25, 2010." [dkt item 20 Exh. A]  The signature pages are not attached.  The sales contract refers to a Steven M. Schindler as also being a seller of the Property along with Debtor.  Mr. Schindler is not a debtor in this case.  The fax transmission headers on the pages of the contract provided to the Court indicate that the contract of sale was faxed on multiple occasions during August 2010. [dkt item 20]

Debtor also attaches to the Motion a letter dated February 25, 2011 from Chase Home Finance, LLC ("Chase") to an attorney Kenneth W.  Leeds, stating, *inter alia*, that Chase "has preliminarily approved of the sales contract" pertaining to the Property, and provides various loan payoff figures (the "Chase Letter").  The Chase Letter also recites "It is our understanding that closing will occur on or before March 25, 2011." [dkt item 20 Exh. B]

## **Analysis of Debtor's Emergency**

Notwithstanding the inconsistency between Debtor's affidavit and the Chase Letter, Debtor has failed to demonstrate a valid basis for this Court to grant her an expedited hearing, and deprive parties-in-interest of their procedural due process rights.  Contrary to E.D.N.Y. LBR 9013-1(a),[1] Debtor neither cites any statutory authority or bankruptcy rules in her Motion, nor states whether the proposed sale will be free and clear of liens, claims, and encumbrances. Notwithstanding same,  Bankruptcy Code Sections 363 (f) and 1303 appear to govern Debtor's request to sell the Property.  *See* 11 U.S.C. §§ 363 (f), 1303.  Further, the Motion does not indicate whether Debtor is seeking to modify her confirmed Plan in accordance with Section 1329.  *See* 11 U.S.C. § 1329.  Finally, because the sales contract refers to a Steven M. Schindler also being a seller, but he is not a debtor, it is not clear if the sale is with his consent, or is sought as free-and-clear of his interest in the Property, if any.

As for notice of a hearing under the Federal Rules of Bankruptcy Procedure, Rule 6004(c), addressing sales of property, and Rule 3015(g), addressing post-confirmation modifications of chapter 13 plans, may be applicable here.  Rules 3015(g) and 6004(c) each require parties-in-interest be given twenty-one days' notice of a hearing, or at least twenty-one days' notice of an opportunity to be heard.  *See* 11 U.S.C. § 102(1).[2]  Debtor seeks a hearing on

---

[1] Rule 9013-1 MOTION PRACTICE
(a) Rule or Statutory Basis.
A motion shall be in writing, unless made during a hearing, and shall specify the rules and statutory provisions upon which it is based and the legal authorities that support the requested relief, either in the motion or in a separate memorandum of law, and the factual grounds for relief. Failure to provide this information may be grounds to strike the motion from the calendar or deny the motion.
E.D.N.Y. LBR 9013-1(a).

[2]  Section 102(1) provides:
(1) "after notice and a hearing", or a similar phrase—
(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a

far less than twenty-one days' notice.

Rule 9006(c)(1) does allow a court to shorten notice in a variety of circumstances "for cause shown." FED. R. BANKR. P. 9006(c)(1). Moreover, E.D.N.Y. LBR 9077-1(c) provides:

(c) Orders Shortening Time.

When expedited relief is thought necessary and the requirements for an order to show cause are not present and ex parte relief is not appropriate, the moving party may proceed by submitting a proposed order shortening time. A request for an order shortening time may be made ex parte and shall be supported by an affidavit or an affirmation showing cause for such expedited relief and stating whether a previous application for similar relief has been made.[3]

The fundamental problem here is that Debtor has created an emergency for herself and the Court. Debtor's lack of diligence and lack of regard for the Confirmation Order have placed Debtor in a situation where she may lose a short sale of her Property, which she admittedly has been seeking "for some time," because she purportedly "did not realize that Court approval was required to consummate the sale." However, cause under Rule 9006(c) and under Local Rule 9077-1 "is not shown when the cause for expedited hearing is one of the movant's own making." *In re Villareal*, 160 B.R. 786, 787 (Bankr. W.D. Tex. 1993). Said otherwise:

Rather than being the product of something that could not properly be prepared for, the current emergency seems to be prompted by nothing more than the approach of an impending deadline, which has been known for sometime. This failure to plan ahead does not rise to the level of a genuine emergency justifying shortened notice or expedited relief. Any emergency is one of the debtor's own making.

*In re Fort Wayne Assocs.*, No. 97-10378, 1998 WL 928419, *1 (Bankr. N.D. Ind. Dec. 16, 1998). Debtor has known since May 20, 2009, that Court approval was required for her sale of the Property, and has known since at least February 25, 2011, that Chase expected a closing by March 25, 2011.

### **Decision**

Based on the foregoing, it is hereby

---

hearing as is appropriate in the particular circumstances;   but
(B) authorizes an act without an actual hearing if such notice is given properly and if—
(i) such a hearing is not requested timely by a party in interest; or
(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act[.]
11 U.S.C. § 102(1).

[3] Debtor did not submit a proposed order as required by this Local Rule.

ORDERED, that the request for expedited consideration is DENIED; and it is further

ORDERED, that a hearing on the Motion shall be held on **April 28, 2011, at 11:30 a.m** in Courtroom 960, United States Bankruptcy Court, Eastern District of New York, 290 Federal Courthouse, Central Islip, New York 11722; and it is further

ORDERED, that by **April 4, 2011, at 4 p.m.**, the Debtor shall serve a copy of this Order, as well as a copy of the Motion, by first class mail upon all parties-in-interest; and it is further

ORDERED, that Debtor shall also file a certificate of service with the Clerk of the United States Bankruptcy Court, Eastern District of New York, by **April 6, 2011, at 4 p.m.**



**Dated: March 31, 2011**  
**Central Islip, New York**

_____  
**Alan S. Trust**  
**United States Bankruptcy Judge**